**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| SHARI CARTER | CIVIL ACTION |
| VERSUS | |
| DOLGENCORP, LLC d/b/a<br>DOLLAR GENERAL | 16-375-SDD-EWD |

**RULING**

This matter is before the Court on the *Motion for Summary Judgment*[1] by Defendant, DG Louisiana, LLC (incorrectly captioned as Dolgencorp, LLC) (hereinafter "Dollar General or Defendant"). Plaintiff, Shari Carter ("Carter" or "Plaintiff"), has filed an *Opposition*[2] to this motion. Defendant thereafter filed a *Reply*.[3] For the following reasons, the Court finds that Defendant's motion should be GRANTED.

**I. FACTUAL BACKGROUND**

On January 1, 2015, Carter alleges that she slipped in a Dollar General store located at 14354 Airline Highway in Ascension Parish, Louisiana.[4] Carter believed that the substance on the floor that caused her slip was vomit.[5] Carter was deposed and testified that her left foot slipped about eight inches to a foot in front of her, and she caught her balance by grabbing onto the shelfing with her left hand.[6] Carter testified that her right foot remained in place the entire time and she did not fall to the floor.[7] Carter alleges that,

---

[1] Rec. Doc. No. 10.
[2] Rec. Doc. No. 14.
[3] Rec. Doc. No. 15.
[4] Rec. Doc. No. 14, p. 1.
[5] Rec. Doc. No. 1-1, p. 2.
[6] Rec. Doc. No. 10-1, p. 2; Rec. Doc. No. 10-3, pp. 10-12.
[7] *Id.*

44037

as a result of the slip, she suffered injuries to her back and left leg.[8] Carter believes that she injured her back because her body "locked up."[9]

Carter filed a lawsuit against Dollar General on December 29, 2015 in the 23rd Judicial District Court.[10] Dollar General removed the case to this Court on June 9, 2016.[11]

Dollar General now moves for summary judgment arguing that Plaintiff has failed to satisfy her burden under La. R.S. 9:2800.6 to come forward with positive evidence showing it either created or had actual or constructive notice of the condition which caused the damage. Specifically, Dollar General argues that Carter has failed to put forth summary judgment evidence showing that the damage-causing condition existed for some period of time sufficient to place the Dollar General on notice of its existence. Dollar General claims there are no genuine issues of material fact in dispute, and Carter's case should be dismissed. Plaintiff counters that there is a clear issue of material fact as to whether Defendant should have obtained notice of the hazardous condition.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing

---

[8] *Id.*
[9] *Id.*
[10] Rec. Doc. No. 1-1, pp. 2-4.
[11] Rec. Doc. No. 1.
[12] Fed. R. Civ. P. 56(a).
44037

the evidence."[13] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[14] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[15] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[16]

Notably, "[a] genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[17] All reasonable factual inferences are drawn in favor of the nonmoving party.[18] However, "[t]he court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[19] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his

---

[13] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[14] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).
[15] *Rivera v. Houston Indep. Sch. Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[16] *Willis v. Roche Biomedical Labs., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little*, 37 F.3d at 1075.
[17] *Pylant v. Hartford Life & Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[18] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[19] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010)(citing *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998)).
44037

allegations… to get to a jury without "any significant probative evidence tending to support the complaint."""[20]

### B. The Louisiana Merchant Liability Statute – La. R.S. 9:2800.6[21]

Louisiana Revised Statute 9:2800.6 sets forth the burden of proof in claims against merchants, such as the Defendant, and provides the following in pertinent part:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"Constructive notice," as defined in La. R.S. 9:2800.6(C)(1), means that "the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." "The presence of an employee of the

---

[20] *Nat'l Ass'n of Gov't Emps., v. City Pub. Serv. Bd.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[21] Louisiana law on merchant liability governs Plaintiff's claims in this matter that is proceeding in this Court on the basis of diversity jurisdiction.
44037

merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care, should have known of the condition."[22]

Where the cause and time of a spill are unknown in a slip and fall case arising on a merchant's premises, "the factfinder is required to draw inferences from various factors pertaining to the spill and the merchant's actions in an effort to determine whether the [merchant's] negligence is the most plausible explanation for the accident."[23] "Since fault is not based on strict liability, a spill… that is not shown to be caused by the storekeeper, but more likely caused by another patron, does not alone create liability."[24] "The plaintiff also must prove that the defendant breached the duty of reasonable inspection and care of the premises."[25]

To prove that the defendant breached that duty, a plaintiff must make a "positive showing" that "the [damage-causing] condition existed for such a period of time" before the fall that the merchant would have discovered its existence through the exercise of ordinary care.[26] Thus, a claimant who simply shows that the condition existed, without an additional showing that the condition existed for "some time" prior to the fall, has failed to carry the burden of proving "constructive notice" as mandated by La. R.S. 9:2800.6.[27] Where a plaintiff does not present any evidence as to how long the damage-causing condition existed prior to the fall, courts have routinely found that the plaintiff has failed to

---

[22] La. R.S. 9:2800.6(C)(1).
[23] *Tanner v. Brookshire Grocery Co.*, 29,276 (La.App. 2 Cir. 4/2/97), 691 So.2d 871, 873.
[24] *Id.*
[25] *Id.*
[26] *White v. Wal–Mart Stores, Inc.*, 97–C–0393 (La.9/9/97), 699 So.2d 1081, 1084–1085.
[27] *Id.* at 1083.

44037

carry his/her burden of proof.[28] In addition, the merchant does not have to disprove its culpability by coming forward with positive evidence of the absence of a spill.[29]

In this case, Dollar General contends Plaintiff's deposition testimony forecloses her claims because it demonstrates her inability to satisfy her burden of proof regarding actual or constructive notice. Specifically, Carter admits that she does not know how the vomit came to be on the floor,[30] did not have any information to suggest that a Dollar General employee or agent created the substance,[31] did not know how long it had been there before her slip,[32] and did not have any information to suggest a Dollar General employee knew the vomit was on the ground before the incident.[33] Therefore, Defendant argues that the record is void of any evidence to satisfy Carter's burden of proving the temporal element that the dangerous condition existed for such a time as to place the Defendant on notice thereof.

In opposition, Carter argues that, "there is a genuine issue as to whether Dollar General breached its duty of reasonable care owed to Plaintiff by its failure to take any

---

[28] *See, O'Brien v. Wal–Mart Stores, Inc.*, 31,032 (La.App. 2nd Cir.10/28/98), 720 So.2d 1263 (The plaintiff failed to present any evidence to establish that the oil upon which she slipped was on the floor for any length of time and therefore did not establish constructive notice on the part of the defendant/merchant); *Kennedy v. Wal–Mart Stores, Inc.*, 98–1939 (La.4/13/99), 733 So.2d 1188 (While the plaintiff produced evidence showing that the general area where he fell was within view of a customer service podium and that it was raining on the evening when he fell, he failed to present any evidence as to the length of time the puddle was on the floor before his accident and therefore failed to meet his burden of proving Wal–Mart's constructive knowledge of the condition); *Babin v. Winn Dixie of Louisiana, Inc.*, 2000–0078 (La.6/30/00), 764 So.2d 37 (Where the plaintiff admitted in his deposition that he did not know how the toothpick boxes upon which he slipped arrived on the floor and that he did not know how long they had been on the floor prior to his fall, the Louisiana Supreme Court found that the plaintiff failed to produce the factual support necessary to establish that he would be able to satisfy his evidentiary burden of proof at trial and therefore found that summary judgment was appropriate).
[29] *White*, at 1086.
[30] Rec. Doc. No. 10-3, p. 22.
[31] *Id.*
[32] *Id.* at pp. 21-22.
[33] *Id.* at p. 23.
44037

measure that would allow its employees to ever have actual or constructive notice of a hazardous condition in the area where the accident … occurred."[34] In support of this argument, Carter cites to the following factors: 1) Brandei Moses ("Moses") was the only Dollar General Employees on duty at the time of the incident,[35] 2) Moses was responsible for all aspects of operating the store at the time,[36] and 3) Dollar General's store procedures guide required employees to engage in "recovery"[37] for eight to ten minutes per hour.[38] Furthermore, Plaintiff asserts that the store procedures guide "mandates" that register employees should carry out recovery in areas at the front of the store and near their assigned cash registers.[39]

Carter alleges that, according to the store procedures, Moses would not have been authorized to perform recovery in the area where the hazardous condition existed.[40] In other words, since Moses was the only employee working at the time, she could not have left the front of the store in order to discover the dangerous condition (the vomit) that existed in the back of the store. Carter concludes that Dollar General's own policies prevented the exercise of reasonable care required under La. R.S. 9:2800.6. Carter further contends that the foregoing circumstances create an issue of material fact as to

---

[34] Rec. Doc. 14, p. 3.
[35] Rec. Doc. No. 14-2.
[36] Plaintiff states that Moses was responsible for duties including but not limited to, waiting on customers, bagging merchandise, straightening shelves, operating the cash register, and inspecting the aisles and floors of the location and cleaning any spills or other hazardous conditions. Rec. Doc. 14, p. 4.
[37] Dollar General's recovery policy provides procedures for cleaning and maintaining store presentation on a daily basis. Most relevant to the case at hand are those pertaining to recovery of the sales floor including: Ensuring aisles are clear, stack outs are at least waist height and fire extinguishers and exit doors are not obstructed… Eliminate stumbling and tripping hazards by keeping corner areas clear of boxes. *See* Rec. Doc. No. 14-3, pp. 1-4.
[38] Rec. Doc. No. 14-3, p. 2.
[39] Rec. Doc. No. 14, p. 4.
[40] *Id.*
44037

whether Dollar General would have been able to obtain notice, either actual or constructive, of the hazardous condition in the store, regardless of the length of time the condition may have existed.[41]

The Court finds that Plaintiff has failed to carry her burden of proof and failed to present a genuine issue of material fact which would preclude summary judgment. The law set forth above is clear: "[P]laintiff must come forward with positive evidence showing that the condition that caused the damage existed for some period of time, and that such time was sufficient to place [Defendant] on notice of its existence."[42] Plaintiff cannot simply sidestep her burden of putting forth some positive showing of the temporal element of her claim. Plaintiff relies on the case of *Broussard v. Wal-Mart Stores Inc.*[43] to support the position that constructive notice can be established without direct evidence of how long the hazardous condition existed.[44] While Plaintiff's understanding of *Broussard* is technically correct, it does not paint the full picture of the case.

In *Broussard*, the plaintiff presented evidence that Wal-Mart had in force policies for monitoring areas for spills (or safety sweeps); however, the area in which the hazardous substance was found was not properly staffed and therefore not properly inspected.[45] In contrast to the case at hand, the *Broussard* plaintiff also presented circumstantial evidence, by way of pictures, suggesting that the spill spread over a period of time and therefore "existed for some period of time prior to the accident such that it

---

[41] *Id.* at p. 7.
[42] *Wright v. SCC Serv. Solutions, Inc.*, 07-219 (La. App. 5 Cir. 9/25/07), 968 So.2d 759, 762.
[43] 98-813 (La. App. 3 Cir. 1/20/99), 741 So.2d 65.
[44] *Id.* at 70.
[45] *Id.* at 69.
44037

would have been discovered had the merchant exercised reasonable care."[46] While the plaintiff in *Broussard* did not present *direct* evidence of the temporal element of her claim, she made her positive showing through *circumstantial* evidence. Here, Carter has failed to come forward with either direct or circumstantial evidence and thus cannot carry her burden of proof on her claim that the damage causing condition existed for some time sufficient to place the Defendant on notice.

The Western District of Louisiana similarly discussed the application of *Broussard* in *Georges v. Kroger Texas, L.P.*[47] In *Georges*, the plaintiff filed suit after she slipped and fell in the bathroom of a Kroger grocery store located in Shreveport, Louisiana.[48] After discussing both *Ceaser v. Wal-Mart Stores, Inc.*[49] and *Broussard*, the court stated as follows:

> The instant case is distinguishable from *Ceasar* and *Broussard,* primarily due to the lack of direct or circumstantial evidence. A review of the evidence, viewed in a light most favorable to the plaintiff, is insufficient to establish that the water existed for some amount of time prior to Plaintiff's fall. Further, the evidence is insufficient to allow even an inference of constructive notice.
>
> The only evidence presented to the Court for consideration are an affidavit from the Plaintiff, an affidavit from the Kroger store manager, and Plaintiff's deposition testimony. Plaintiff asserts that she had the opportunity to observe the bathroom door from the check-out line and that she did not observe a Kroger employee enter the restroom for ten to fifteen minutes prior to when she entered the restroom. *See* Record Doc. # 13 & 21, Georges Affidavit. Plaintiff then claims that she used the facilities for several minutes, and that after falling she remained on the floor for fifteen to twenty minutes. *See id.* Plaintiff asserts that she never witnessed a Kroger employee enter the restroom before her fall, after her fall, or after she reported her fall to the store manager. *See id.* Debbie Miles, manager of the Kroger store, stated in her affidavit that she had entered the restroom ten

---
[46] *Id.* at 70.
[47] No. CIV. A. 06-1676, 2007 WL 2407251 (W.D. La. Aug. 17, 2007).
[48] *Id.* at *1.
[49] 787 So.2d 582 (La.App. 3d Cir.2001).

44037

> minutes before the fall, and that she did not observe liquid of any kind on the floor. *See* Record Doc. # 9, Miles Affidavit.
>
> This evidence is simply insufficient to establish that the water existed on the floor for such an amount of time that Kroger unreasonably failed to correct the hazard. No evidence is available to suggest how long the water was on the floor prior to the fall. No evidence is offered to suggest that Kroger acted unreasonably. Plaintiff has failed to provide a statement from anyone else who may have been present in the store the evening of her accident. Further, no evidence has been presented to suggest that the condition existed for such a period of time that Kroger would have discovered the condition if it had exercised reasonable care.[50]

Just as in *Broussard* and *Georges,* Plaintiff herein has failed to present this Court with any direct or circumstantial summary judgment evidence showing the temporal element of her claim.

The reasoning and analysis of the court in *Reeves v. TPI Restaurants, Inc.*[51] is also particularly applicable to this case. In *Reeves,* the plaintiff brought suit for damages allegedly sustained after a slip and fall in a Shoney's restaurant.[52] The undisputed facts of the case showed that the plaintiff had no idea for how long the alleged slippery condition existed on the floor; could not say what the substance was, if there indeed was a foreign substance on the floor, and presented no evidence that Shoney's had actual or constructive knowledge of the alleged condition.[53] The court cited the merchant liability statute set forth above and stated that, "Section 2800.6(B) clearly places the burden of proving *all* elements under § 2800.6(B) on the plaintiff alone, and a plaintiff's failure to prove even *one* element is fatal to the entire cause of action."[54] Finding summary judgment appropriate in favor of the defendant, the court held as follows:

---

[50] *Georges,* at *6.
[51] No. 05-1778, 2008 WL 680214 (W.D. La. Mar. 13, 2008).
[52] *Id.* at * 2.
[53] *Id.* at *3.
[54] *Id.* (emphasis in original).
44037

> The plaintiffs have brought absolutely NO evidence that Shoney's either created or had actual or constructive knowledge of any slippery condition on the floor. The plaintiffs cannot say whether there was a substance at all, what that substance was, or how long it had been in place before the accident. As *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La.1997), explains with respect to constructive notice, "The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Id*.
>
> Simply put, the plaintiffs have failed to present any evidence of actual or constructive notice on the part of Shoney's.[55]

The same statement could be said of the Plaintiff in this case in relation to the vomit that allegedly caused her slip.

In the present case, there is nothing before the Court that warrants a different result than that reached in the cases cited above. The Court has not made any credibility evaluations in reaching this decision. Indeed, the Court accepts as true all of Plaintiff's deposition testimony. Plaintiff admitted in her deposition that she did not see the substance on the floor, she does not know whether the Defendant's employees caused the condition on the floor, how long the condition existed before she slipped, or whether any employee of the Defendant knew of the condition prior to her slip. Thus, Plaintiff has failed to provide any evidence demonstrating that the Defendant had actual or constructive notice of the existence of the damage-causing condition prior to her slip. Because Plaintiff is unable to produce the necessary factual support to satisfy her burden of proving actual or constructive notice on the part of the Defendant as required by La.

---

[55] *Id.* at *4.

44037

R.S. 9:2800.6 and related jurisprudence, summary judgment in favor of the Defendant is warranted under the facts of this case.

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion for Summary Judgment*[56] is GRANTED. Plaintiff's claims are dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 7, 2018.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[56] Rec. Doc. No. 10.

44037